(Reap. Dec. 10417)

ARTHUR SPRINGUT *v.* UNITED STATES

Entry No. 993545.

(Decided January 10, 1963)

Plaintiff not represented by counsel.
*Joseph D. Guilfoyle,* Acting Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement relates to certain spectacle frames that were exported from West Germany

in May 1956 and entered at the port of New York. The articles were appraised at $4.75 each and plaintiff claims that the proper value is $3.39 each.

The record before me does not disclose either the statutory basis of appraisement or the statutory value alleged by plaintiff. Whether export or foreign value is claimed by either or both parties, the statutory definition of each states that it shall be "the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade," sections 402 (c) and (d) of the Tariff Act of 1930.

The value found by the appraiser is presumed to be the correct value of the merchandise (28 U.S.C. § 2633) and inherent in the statutory presumption of correctness is a finding by the appraiser of every fact necessary to sustain his official appraisement. *Transatlantic Shipping Co., Inc. (Absorbo Beer Pad Co., Inc.) v. United States*, 28 CCPA 19, C.A.D. 118; *E. I. du Pont de Nemours & Co. v. United States*, 27 CCPA 146, C.A.D. 75. How the various elements of value impressed the appraiser and what grounds influenced or controlled his mental processes are matters in respect of which he cannot be interrogated. *Muser v. Magone*, 155 U.S. 240.

Plaintiff, in challenging the appraised value, assumes the twofold obligation of not only showing that the appraisement was erroneous, but also of establishing some other dutiable value. *Kenneth Kittleson v. United States*, 40 CCPA 85, C.A.D. 502.

The burden of a plaintiff in a reappraisement proceeding is set forth in *Brooks Paper Company v. United States*, 40 CCPA 38, C.A.D. 495, as follows:

By statutory provision Congress had directed that (1) the value found by the appraiser shall be presumed to be the value of the merchandise and (2) the burden shall rest upon the party who challenges its correctness to prove otherwise.

To sustain his burden of proof, and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States v. Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264, citing *United States v. T. D. Downing Co. (George H. Sweetnam, Inc.)*, 20 C.C.P.A. (Customs) 251, T.D. 46057.

All of the evidence herein was offered by plaintiff, who appeared personally and was the sole witness. He stated his claimed value of $3.39 each is the price he paid for the spectacle frames in question, that he has always paid the same price, that other importers of iden-

tical merchandise paid that price, and that the said price did not vary according to the quantity purchased. Referring to the value found by the appraiser, plaintiff stated that it is "for the retail optician in Germany, that's not the price for wholesalers or for importers here." A letter (undated), plaintiff's exhibit 1, received by plaintiff from the German manufacturer of the present merchandise states that "our price of $3.39 was valid for exporters and dealers whereas $4.75 had to pay the retail opticians." The letter, exhibit 1, coupled with the testimony, cannot be viewed as an effective attack on the value found by the appraiser. The deficiency therein lies in plaintiff's failure to show that the appraised value did not embody all of the essential elements of statutory value, presumed to be present under the presumption of correctness attaching to the value found by the appraiser. "It was not incumbent upon the Government to prove that the appraised value was proper, until or unless the importer had shown said appraisement to be erroneous and established a different value in place thereof," the *Kenneth Kittleson* case, *supra*.

On the record, as hereinabove reviewed, plaintiff has failed to sustain his twofold burden, as enunciated in the cited authorities. Accordingly, I find and hold that the proper dutiable value of the present merchandise is the appraised value.

Judgment will be rendered accordingly.